**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

| | | |
|---|---|---|
| DANNY LE, | ) | SA CV 08-414 AHS (RNBx) |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER TO DEFENDANTS TO SHOW |
| | ) | CAUSE WHY THE COURT SHOULD |
| YOUNG CHAMPIONS RECREATION | ) | NOT REMAND THE ACTION TO |
| PROGRAMS, et al., | ) | STATE COURT, RETURNABLE |
| | ) | MAY 30, 2008 |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**I.**

**PROCEDURAL AND FACTUAL HISTORY**

On November 21, 2007, plaintiff filed this action in the Orange County Superior Court. On April 1, 2008, defendants filed a cross-complaint against plaintiff. Defendants filed their Notice of Removal on April 17, 2008. Defendants' cross-complaint asserts claims under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961-68.

//
//
//

## II.

## **REMOVAL JURISDICTION**

The Court orders defendants to show cause why the Court should not decline to exercise jurisdiction where the only basis for jurisdiction arises from defendants' cross-complaint.

A civil action brought in a state court over which federal courts have original jurisdiction may be removed by the defendant to the appropriate district court regardless of the citizenship of the parties. See 28 U.S.C. § 1446(a)-(b). This District's Local Rule 8-1 provides that "[t]he statutory or other basis for the exercise of jurisdiction by this Court shall be plainly stated in the first paragraph of any document invoking this Court's jurisdiction." Defendants attempt to establish jurisdiction by asserting federal question jurisdiction pursuant to 28 U.S.C. § 1331.

The presence or absence of federal question jurisdiction is governed by the "well-pleaded complaint rule," which provides that federal jurisdiction exists only when a federal question is presented on the face of the complaint. See California ex rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir.2004); Caterpillar Inc. v. Williams, 482 U.S. 386, 392, 107 S. Ct. 2425, 96 L. Ed. 2d 318 (1987). Plaintiff may avoid federal jurisdiction by exclusive reliance on state law. Rains v. Criterion Systems, Inc., 80 F.3d 339, 344 (9th Cir. 1996); Caterpillar, 482 U.S. at 398-99, 107 S. Ct. 2425 (explaining that as "master of the complaint," "plaintiff may, by eschewing claims based on federal law, choose to have the cause heard in state court").

The well-pleaded complaint rule applies to both the original and removal jurisdiction of district courts. <u>Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust</u>, 463 U.S. 1, 10 n. 9, 103 S. Ct. 2841, 77 L. Ed. 2d 420 (1983), *superceded by statute on other grounds*, 28 U.S.C. § 1441(e). Accordingly, it is well established that "defendant may not remove a case to federal court unless the *plaintiff's* complaint established that the case 'arises under' federal law." <u>Id.</u> at 10.

Defendants' cross-complaint filed in response to plaintiff's complaint alleges RICO claims under 18 U.S.C. §§ 1962(c) et seq. However, removal cannot be based on a counterclaim, cross-claim or third party claim raising a federal question; to hold otherwise would allow defendants to determine the removability of a case. See <u>Great Northern Ry. Co. v. Alexander</u>, 246 U.S. 276, 281, 38 S.Ct. 237, 239, 62 L.Ed. 713 (1918) ("It is also settled that a case, arising under the laws of the United States, nonremovable on the complaint, when commenced, cannot be converted into a removable one by evidence of the defendant . . ., but that such conversion can only be accomplished by the voluntary amendment of his pleading by the plaintiff. . . ."); <u>People of State of Cal. By and Through Lungren v. Keating</u>, 986 F.2d 346, 348 (9th Cir. 1993) (citing <u>Great Northern</u> and remanding where "case was transformed into an action 'arising under' federal law not by the voluntary action of the plaintiff, but instead by action of a defendant"). Having failed to show that plaintiff's Complaint offers a basis for jurisdiction, defendants do not allege facts showing removal of this matter is proper. See 28 U.S.C. § 1441(b).

3

**III.**

**CONCLUSION**

Accordingly, defendants are ordered to show cause in writing, no later than May 30, 2008, why the Court should not remand this action to state court. Plaintiff may respond to defendants' submission by filing a written response no later than June 6, 2008. No oral argument on this matter will be heard unless otherwise ordered by the Court.

IT IS SO ORDERED.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Order on counsel for all parties.

Dated: April 30, 2008.


                                        **ALICEMARIE H. STOTLER**
                                        ALICEMARIE H. STOTLER
                                        CHIEF U.S. DISTRICT JUDGE